Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK US DISTRICT COURT

FEB - 5 2004

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| LITA E PEZANT,<br><br>  Plaintiff,<br><br>vs<br><br>COUNTY OF SAN BERNARDINO, a political subdivision, THOMAS LAURIN, an individual, DOUGLAS PAYNE, an individual, BRIAN TURNBULL, an individual, ADOLPHUS OKEKE, an individual, DOES ONE through TEN, inclusive,<br><br>  Defendants | ED CV 00-0132 RT (CWx)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED R CIV P 56 |

DOCKETED ON CM

FEB - 6 2004

BY ___ 041

The court, Judge Robert J Timlin, has read and considered Defendants County of San Bernardino, Thomas Laurin, Douglas Payne, Brian Turnbull, Adolphus Okeke ("Defendants'")[1] motion for summary judgment ("motion") pursuant to Fed R Civ P 56

---

[1] The Court deems the instant motion to be on behalf of all the defendants (see page one, line 26 of the motion) although the title of the motion refers to "County of San Bernardino's Motion ")

1

("Rule 56"), Plaintiff Lita E Pezant ("Pezant")'s opposition[2], and the Defendants' reply Based on such consideration, the court concludes as follows

# I.
# BACKGROUND

This action arises out of Pezant's employment with and termination from the Economic and Community Development Department ("ECD") of the County of San Bernardino ("County") On August 24, 2000, Pezant filed a first amended complaint ("FAC") in this court for civil rights violations under 42 U S C § 1983 The FAC alleges 1) retaliation in violation of the First and Fourteenth Amendments, 2) wrongful termination in violation of Pezant's procedural due process rights under the Fourteenth Amendment, 3) wrongful termination in violation of Pezant's liberty interest under the Fourteenth Amendment, 4) employment discrimination on the basis of race, 5) employment discrimination on the basis of ethnicity, and 6) employment discrimination on the basis of gender Pezant filed a motion to file a second amended complaint ("SAC") on November 14, 2001 This court denied the motion on March 19, 2002 The Defendants filed the instant motion on March 4, 2002, contending that Pezant's claims are barred by res judicata and collateral estoppel

# II.
# UNDISPUTED MATERIAL FACTS[3]

The following are uncontroverted facts supported by admissible evidence

---

[2] In her opposition, Pezant did not contest the Defendants' motion on the merits or file a separate statement of uncontroverted facts Rather, she requested an extension of time in which to respond pursuant to Rule 56(f) As explained in Part IIIB, below, the court will deny this request
Local Rule 7-12 provides that a failure to timely file required papers "may be deemed by the Court consent to the granting or denial of the motion " Nonetheless, the court will decide the motion based upon the papers submitted by Defendants and Pezant

[3] These facts are taken from the County's proposed statement of uncontroverted facts and conclusions of law Pezant did not submit a response to the Defendants' statement or submit her own proposed statement of uncontroverted facts The court concludes that these facts are adequately supported by the evidence submitted by the County

2

1. Pezant was employed by the County of San Bernardino, Economic and Community Development Department, from 1991 through March 8, 1999. Pezant appealed her termination of March 8, 1999 to the Civil Service Commission ("the Commission") for the County of San Bernardino. The hearing on Pezant's appeal of her dismissal was held on August 24, 1999.

2. The Commission acts in a quasi-judicial capacity in reviewing disciplinary appeals. Pezant was given a choice of representatives at her termination hearing on August 24, 1999. She had the opportunity to testify under oath, request that witnesses or documents be subpoenaed, question all witnesses, and present evidence at her termination hearing. The hearing officer is selected by both parties and paid for jointly by them.

3. The Commission had the authority to consider any evidence of pertinent information which established the truth or falsity of evidence presented at the hearing. Following the completion of the dismissal hearing, the hearing officer issued findings of fact, conclusions and a recommendation to the Commission. The findings of fact, conclusion and recommendation recommended upholding Pezant's dismissal from County employment.

4. The findings of fact, conclusion and recommendation were adopted by the Commission at its September 8, 1999 meeting.

5. On September 23, 1999, Karen Pacheco, Secretary to the Commission, prepared a Notice of Administrative Decision regarding the adoption of the hearing officer's report upholding Pezant's dismissal and caused it to be served on Pezant's representative, Malcolm Simmons. Pezant received the Notice of Administrative Decision dated September 23, 1999.

6. Pezant has not filed any mandamus action seeking to overturn the findings and conclusions of the Commission reached as a result of the August 24, 1999 dismissal hearing.

7. Pezant was not precluded from introducing any evidence at her hearing and had an opportunity to raise all defenses at her dismissal hearing. In appealing the order of dismissal to the Commission, Pezant was seeking reinstatement to continue employment with the County.

## III.
## ANALYSIS

**A.    Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, a district court may grant a motion for summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court and the Ninth Circuit have established the following standards for consideration of such motions. "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issue of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103-04 (9th Cir. 1986) and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)). With respect to these specific facts offered by the non-moving party, the court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the non-moving party. See T.W. Elec. Serv., 809 F.2d at 630-31 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

Rule 56(c) nevertheless requires this court to enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 106 S. Ct. at 2552. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. "[T]here must be evidence on which the jury could reasonably find for the [non-

4

moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). In order to defeat a motion for summary judgment, the plaintiff must present significant probative evidence tending to support the complaint. See T.W. Elec. Serv., 809 F.2d at 630. This court thus applies to either party's motion for summary judgment the same standard as for a motion for directed verdict: "[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

**B.     Pezant's Request for an Extension Under Rule 56(f)**

In her memorandum of points and authorities in opposition to the motion, filed on March 18, 2002, Pezant requests an extension of time pursuant to Fed. R. Civ. P. 56(f)[4] on the grounds that this court had not yet ruled on her motion to file a second amended complaint ("SAC"). In her SAC, Pezant sought to name 11 Doe defendants and to add an Eighth Amendment claim for cruel and unusual punishment arising from unlawful detention and confinement. The SAC also contained "newly discovered" allegations regarding drug abuse by certain of the defendants. Pezant contends that she was unable to conduct discovery on her claims until the court ruled on her motion to file a SAC, which motion was filed on November 14, 2001. On March 19, 2002, this court denied the motion because Pezant had not filed it before the pleading type motion cut-off date of November 13, 2001. The court issued its order one day after Pezant submitted her opposition to the instant motion (March 18, 2002).

The court does not find persuasive Pezant's contention that the delayed ruling on her motion to file a SAC prevented her from conducting sufficient discovery on her claims to oppose the Defendants' motion. The SAC does not seek to change the substance of the

---

[4] Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

5

claims against the original five defendants, and Pezant does not explain why she was unable to conduct discovery on these claims while awaiting this court's ruling. She did serve the County with a Request for Production of Documents on February 4, 2002, one week before the discovery cut-off date of February 11, 2002.[5] However, Pezant did not previously seek to extend the discovery cut-off date or the motion cut-off date of March 4, 2002, even though she knew before these dates arrived that she had not conducted sufficient discovery. Moreover, given that the Defendants based their motion on the legal defense of res judicata, it is unclear what additional facts Pezant would seek to uncover which would assist her in opposing the motion. Pezant did not state in an affidavit the facts she believed she could establish by further discovery to justify her opposition to the motion.

In her memorandum of points and authorities in opposition to the Defendants' motion, Pezant argues that good cause exists under Rule 16(b) to extend the discovery and dispositive motion cut-off dates because this court had (at the time the memorandum was submitted) not yet ruled on her motion to file a SAC. In order to demonstrate diligence under Rule 16's "good cause" standard, Pezant must show "(1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

Pezant has made no showing that she diligently sought amendment of the discovery and dispositive motion cut-off dates once it became apparent that she could not comply with these dates. Moreover, although the Defendants may have refused her February 4, 2002 request for production of documents in bad faith, Pezant offers no explanation as to why she did not seek such documents sooner than one week before the discovery cut-off date. The

---

[5] Pezant states that the Defendants objected to each request on evidentiary grounds

1 court finds Pezant has not established good cause and will accordingly deny Pezant's request
2 to extend the discovery and motion cut-off dates under Rule 16(b) Similarly, it will deny her
3 request for an extension of time in which to oppose the County's motion under Rule 56(f)

4 **C.      Res Judicata and Issue or Claim Preclusion**

5 Res judicata "operates to bar all grounds for recovery which could have been asserted,
6 whether they were or not, in a prior suit between the same parties (or their privies) on the
7 same cause of action " Ross v Int'l Brotherhood of Elec Workers, 634 F 2d 453, 457 (9th
8 Cir 1980) The party asserting res judicata has the burden of proving the defense See Vella
9 v Hudgins, 20 Cal 3d 251, 257, 142 Cal Rptr 414, 417, 572 P 2d 28 (1977) Federal courts
10 give state administrative decisions preclusive effect to the same extent such decisions would
11 receive preclusive effect in state court See Misischia, 60 F 3d at 628 Preclusive effect is
12 also given to fact-finding by administrative agencies acting in quasi-judicial capacities Id

13 Under California law, res judicata applies when 1) the cause of action of the first and
14 second suit are identical, 2) there is a final judgment on the merits of the first cause of action,
15 and 3) the two suits involve the same parties or those in privity with the parties Rice v
16 Crow, 81 Cal App 4th 725, 734, 97 Cal Rptr 2d 110, 116 (Ct App 2000) In addition,
17 state administrative findings are given preclusive effect only if 1) the administrative agency
18 acted in a judicial capacity, 2) the administrative agency resolved factual issues properly
19 before it, and 3) the parties had an adequate opportunity to litigate See United States v Utah
20 Constr & Mining Co, 384 U S 394, 422, 86 S Ct 1545, 1560, 16 L Ed 2d 642 (1966)

21 The Defendants first argue that the Civil Service Commission ("Commission") meets
22 the requirements of Utah Construction for its administrative findings to have preclusive
23 effect The court agrees The undisputed facts show that the Commission is an
24 administrative agency acting in a judicial capacity, that it resolved factual issues relating to
25 Pezant's employment termination that were properly before it, and that Pezant and the
26 Defendants had an adequate opportunity to litigate the issue of whether Pezant's dismissal
27 was justified Pezant was given a choice of representatives at her August 24, 1999
28 termination hearing and had the opportunity to testify under oath, request that witnesses or

7

documents be subpoenaed, question all witnesses, and present evidence. Following the hearing, the hearing officer issued findings of fact, conclusions and a recommendation to the Commission that Pezant's dismissal from employment be upheld. The Commission adopted the findings of fact, conclusion and recommendation by the hearing officer on September 8, 1999. These actions render preclusive effect to the Commission's findings under <u>Utah Construction</u>.

The Defendants next argue that the Commission's decision meets the requirements for res judicata and operates to bar all of Pezant's claims in this action. As noted above, the first requirement of res judicata is that the cause of action of the first and second suits be identical. <u>Rice</u>, 81 Cal. App. 4th at 734, 97 Cal. Rptr. 2d at 116. Under the primary right theory used by California in considering the application of res judicata, a cause of action is defined as "(1) a primary right possessed by the plaintiff, (2) a corresponding duty imposed upon the defendant, and (3) a wrong done by the defendant which is a breach of such primary right and duty." <u>Balasubramanian v. San Diego Cmty. College Dist.</u>, 80 Cal. App. 4th 977, 991, 95 Cal. Rptr. 2d 837 (Ct. App. 2000). Under this analysis, a court must determine whether the federal claims and the administrative claim involve the same primary right. <u>Id.</u>

"In determining the primary right at stake, 'the significant factor is the harm suffered.'" <u>Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist.</u>, 783 F.2d 848, 851 (9th Cir. 1986) (citing <u>Argarwal v. Johnson</u>, 25 Cal. 3d 932, 955, 160 Cal. Rptr. 141, 155, 603 P.2d 58, 72 (1979)). In <u>Takahashi</u>, the court found that the plaintiff's claims of unlawful termination on account of sex and ethnic origin under § 1983 and the Fourteenth Amendment were based on the same primary right– the contractual right to employment– as the plaintiff's earlier action in state court challenging her dismissal. <u>Id.</u> The court accordingly held that the state court's finding that the plaintiff's dismissal was supported by good cause barred her subsequent action under § 1983. <u>See id.</u> (stating that "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief.")

The Defendants argue that Pezant's claims all arise from the same primary right as

1  that addressed in the August 24, 1999 civil service hearing– her right to continued
2  employment. The court agrees. Pezant's SAC alleges claims for retaliation, wrongful
3  termination, and employment discrimination on the basis of race, ethnicity, and gender. The
4  retaliation and wrongful termination claims clearly involve Pezant's right to continued
5  employment, and as such implicate the same primary right as that addressed in the civil
6  service hearing. See Takahashi, 783 F.2d at 851. Pezant also bases her employment
7  discrimination claims on her underlying dismissal. Specifically, the SAC alleges that she was
8  terminated and not rehired based on her race, ethnicity, and gender. The court concludes that
9  all of Pezant's claims in the instant action involve the same primary right as considered in the
10 civil service hearing, thereby meeting the first requirement of res judicata.

11       The second requirement of res judicata is that there be a final judgment on the merits
12 in the first action. Rice, 81 Cal. App. 4th at 734, 97 Cal. Rptr. 2d at 116. A final, unreviewed
13 decision by an administrative agency can preclude a § 1983 suit in federal court despite the
14 fact that § 1983 does not contain an exhaustion requirement. See San Remo Hotel v. City and
15 County of San Francisco, 145 F.3d 1095, 1103 (9th Cir. 1998). The Defendants argue that
16 this requirement is met because Pezant did not file a petition for a writ of mandate
17 challenging the Commission's adverse findings under CAL. CODE CIV. PROC. § 1094.6
18 ("Section 1094.6"). Section 1094.6 requires that such petitions be filed within 90 days after
19 an administrative decision becomes final. The undisputed facts show that the Commission
20 adopted the findings and recommendations of the hearing officer sustaining Pezant's
21 dismissal on September 8, 1999, and that Pezant received a notice of such action sent on
22 September 23, 1999 regarding her right to file an appeal. She did not file a petition for a writ
23 of mandate challenging the Commission's decision. Therefore, the second requirement of res
24 judicata is met. See Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994)
25 (giving preclusive effect to unreviewed state administrative adjudications which satisfy the
26 fairness requirements in Utah Construction, 384 U.S. at 422, 86 S. Ct. at 1560).

27       The third requirement of res judicata is that the two suits involve the same parties or
28 those in privity with them. Rice, 81 Cal. App. 4th at 734, 97 Cal. Rptr. 2d at 116. The parties

9

to the civil service hearing included Pezant and the County. The parties to the instant action are Pezant, the County, and individual defendants Thomas Laurin, Douglas Payne, Brian Turnbull, and Adolphus Okeke. In Miller, 39 F.3d at 1038, the Ninth Circuit held that where the individually named defendants were employees acting within the course and scope of their employment who had been sued "solely because of their involvement in the termination process," the administrative ruling precluded plaintiff's § 1983 claims against them. Here, all of Pezant's claims are based on her underlying dismissal. The SAC does not allege that the individual defendants acted outside the course and scope of their employment. The court concludes that the civil service hearing and the instant action involve the same parties and those in privity with them, thereby meeting the third requirement of res judicata.

The undisputed facts show that the elements of res judicata have been met and that the civil service hearing met the fairness requirements outlined in Utah Construction. Because the doctrine of res judicata operates to bar all of Pezant's claims in the FAC against all defendants, the court will grant the Defendants' motion for summary judgment.

## V.
## DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT

(1) Pezant's request to extend the dispositive motion and discovery cut-off dates under Rule 16(b) and to continue the time for her to oppose the motion is denied, and

(2) Defendants County of San Bernardino, Thomas Laurin, Douglas Payne, Brian Turnbull, Adolphus Okeke's motion for summary judgment on all claims in the First Amended Complaint is GRANTED

DATED: February 5, 2004

ROBERT J. TIMLIN
United States District Judge